## HANNA v. COX.

MARRIED WOMAN'S MORTGAGE.—Finding that mortgage was executed to secure husband's debt reversed, and it is held that property was received from husband in satisfaction of his debt and then sold to wife, who gave her mortgage for purchase money.

Before GARY, J., Williamsburg, June, 1903. Reversed.

Action by James A. Hanna against Frances C. Cox and H. D. Williamson. From Circuit decree, Williamson appeals.

*Messrs. J. W. Ragsdale* and *George Galletly,* for appellants, cite: *As to the law of married women's contracts:* Rev. Stat., 1893, 2167; 52 S. C., 515; 55 S. C., 328.

*Mr. W. F. Clayton,* contra, for Mrs. Cox, cites: *As a parallel case:* 43 S. C., 117.

July 15, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an action for the foreclosure of a mortgage of real estate, dated January 23, 1894,

and the question in the case is whether the defendant, Frances C. Cox, executed the mortgage to H. D. Williamson for the purchase money of two mules and a wagon sold to her, or to secure an antecedent debt of her husband. The referee reported that the mortgage was not given to secure her husband's debt, but that there was a *bona fide* sale of the mules and wagon to Mrs. Cox, and the mortgage given for the purchase money. The Circuit Court reversed these findings of fact and held the mortgage invalid. We think the conclusion of the referee is correct. Williamson held a debt against Cox, secured by bill of sale of two mules and a wagon. The debt being over-due, Cox brought the mules and wagon to Williamson's stables. The testimony of Williamson and his witnesses was to the effect that they were actually delivered to him and that he then sold them to Mrs. Cox, taking the mortgage on her land for the purchase money. The bond of Mrs. Cox, which the mortgage secures, recites that it was given for "purchase money of two mules and a wagon sold to her by the said H. D. Williamson," and she does not state that she was unaware that this declaration was made in the bond. This is not conclusive; but as a declaration made by Mrs. Cox at the time, it must have great weight in fixing the nature of the transaction.

Assuming the witnesses on each side to be of equal credibility, the position taken by Williamson and supported by his witnesses is much more reasonable. Mrs. Cox seems to be a woman of force and decision of character, who acted on her own judgment; the mules were used in working her land, and it was important for her to have them for this purpose. Mr. Coggeshall, an attorney whose statement cannot be doubted, testified that he advised Williamson in relation to this transaction just before it was entered into, that a mortgage executed by a married woman to secure her husband's debt was without legal force. It would be unreasonable to suppose he would release his security in order to take a mortgage which he knew could not be enforced. We think the clear preponderance of the testimony is that the mules were delivered by

Cox to Williamson on the bill of sale, and repurchased by Mrs. Cox from Williamson, she executing the mortgage in question for the purchase money. In the effort to support the contrary view, much reliance is placed on the paper, of which the following is a copy, given by Williamson to Cox on the day the mortgage was executed:

"January 23d, 1894. Mr. R. F. Cox has full power to trade the two mules bought of me if he can do so. They are O. K. H. D. Williamson."

Williamson testified that he gave up to Cox one bill of sale; but as there was another which he could not find, gave him the paper above copied to show that he had no further claim against the mules. It is true, this statement is disputed by Cox, who says the bill of sale and note were never delivered to him. Be this as it may, the paper signed by Williamson, considered in connection with the mortgage, was in effect a release of the bill of sale; for Williamson never could have seized the mules under the bill of sale from Cox when he held a mortgage from Mrs. Cox reciting that she had purchased them from him. Reliance is also placed on the following receipts:

"November 20th, 1896. Received of R. F. Cox seventy-five dollars in one mule to be credited on note and bill of sale. "H. D. Williamson."

"December 11th, 1897. Received of R. F. Cox twenty dollars, on B. S. and note in cattle. H. D. Williamson."

We should greatly hesitate to hold on the faith of mere subsequent receipts that an instrument of so solemn a character as a mortgage did not express the true intention of the parties and the nature of the transaction. But conceding that these receipts show that Williamson did not intend to cancel the debt against Cox, but to hold him still liable, this would not invalidate the mortgage executed by Mrs. Cox, if the property embraced in the bill of sale was sold and delivered by Cox to Williamson and then sold to Mrs. Cox, she executing the mortgage for the purchase money.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.